

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

JESUS CONTRERAS-ARCEO,
also known as "Canasto,"

*Defendant.*

Case No. 1:12-CR-398

Hon. T.S. Ellis, III

## PLEA AGREEMENT

G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia; Raj

Parekh, Assistant United States Attorney; Rachael Tucker, Special Assistant United States

Attorney, Trial Attorney Cole Radovich, the defendant, Jesus Contreras-Arceo, a/k/a "Canasto";

and the defendant's counsel, have entered into an agreement pursuant to Rule 11 of the Federal

Rules of Criminal Procedure. The terms of the agreement are as follows:

1.      **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Counts One and Two of the Second Superseding

Indictment ("the Indictment") charging the defendant with the following:

a.  <u>Count One</u>: Conspiracy to manufacture 500 grams or more of a mixture and

substance containing methamphetamine, knowing and intending that the substance

would be imported into the United States, in violation of Title 21, United States Code,

Sections 963 and 959(a). The maximum penalties for Count One are a mandatory

minimum of term of imprisonment of 10 years and a maximum term of life

imprisonment, a $10,000,000 fine, forfeiture of assets as outlined below, special

assessments pursuant to 18 U.S.C. § 3013 and 3014, and a supervised release term of

JESUS CONTRERAS-A

at least five years.

    b.  <u>Count Two</u>: Conspiracy to commit money laundering with the intent to promote the carrying on of specified unlawful activity, to wit, the manufacture and distribution of methamphetamine, in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(2)(A).  The maximum penalties for Count Two are 20 years of imprisonment, a fine up to $500,000 or twice the value the property involved (whichever is greater), forfeiture of assets as outlined below, special assessments pursuant to 18 U.S.C. § 3013 and 3014, and a supervised release term of three years.

The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

    2.    **Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c).  These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind (*i.e.*, Count One of the Indictment) be detained unless there are statutory justifications why such person's detention would not be appropriate.

    3.    **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses.  The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable

JESUS CONTreyAS. A

doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

4.    **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

      a.     the right to plead not guilty and to persist in that plea;

      b.     the right to a jury trial;

      c.     the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

      d.     the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

5.    **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543

JESUS CONTRERAS.A

3

U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

*With respect to Count One:*

| Guideline(s) | Description | Offense Level |
|---|---|---|
| Section 2D1.1(c) | The defendant was personally involved in the manufacture of, or it was reasonably foreseeable to the defendant that his co-conspirators would manufacture for importation into the United States, at least 45 kilograms or more of methamphetamine. | +38 |
| Section 2D1.1(b)(1) | A dangerous weapon (including a firearm) was possessed. | +2 |
| Section 2D1.1(b)(2) | The defendant used violence, made a credible threat to use violence, or directed the use of violence. | +2 |
| Section 2D1.1(b)(5) | The offense involved the importation of methamphetamine or the manufacture of methamphetamine from listed chemicals that the defendant knew were imported unlawfully. | +2 |
| Section 2D1.1(b)(11) | The defendant bribed, or attempted to bribe, a law enforcement officer to facilitate the commission of the offense. | +2 |
| Section 2D1.1(b)(12) | The defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance. | +2 |
| Section 3B1.1(a) | The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. | +4 |
| | **Total Offense Level:** | **52 (advisory Guidelines range of life imprisonment)** |

Jesus Contreras.A

4

*With respect to Count Two:*

| Guideline(s) | Description | Offense Level |
|---|---|---|
| Section 2S1.1(a)(1) | The offense level for the underlying offense from which the laundered funds were derived. The parties agree that the defendant committed the underlying offense (or would be accountable for the underlying offense under sub-section (a)(1)(A) of Section 1B1.3 (Relevant Conduct)); and the offense level for that offense has been determined and agreed upon. | +52 |
| Section 2S1.1(b)(2)(B) | The defendant will be convicted under 18 U.S.C. § 1956. | +2 |
| | **Total Offense Level:** | 54 (advisory Guidelines range of life imprisonment) |

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to Section 3E1.1(a) of the Sentencing Guidelines and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

Any stipulation on a Guideline provision does not limit the parties' arguments as to 18 U.S.C. § 3553(a). The parties understand that these stipulations are not binding on the Probation Office or the Court. The parties have no agreement as to the applicability or inapplicability of any other sections of the Sentencing Guidelines.

Jesus Contreras A

5

6.      **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal

the conviction and any sentence within the statutory maximum described above (or the manner in

which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any

ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

direct appeal, in exchange for the concessions made by the United States in this plea agreement.

This agreement does not affect the rights or obligations of the United States as set forth in 18

U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

7.      **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of $100 per count of conviction.

8.      **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever

monetary penalties are imposed by the Court will be due immediately and subject to immediate

enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days

of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing

debtor's examination and/or complete a financial statement under penalty of perjury. If the

JESUS CONTRERAS. A

Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until restitution is paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid restitution. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9.      **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Indictment as an offense. In such a prosecution the United States may allege and prove conduct described in the Indictment or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

10.     **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any drug-related and money laundering-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: (1) property that constitutes the proceeds of the offenses; and (2) property facilitating the offenses. The assets subject to forfeiture include, but are not

JESUS CONTREYAS. A

limited to: a monetary judgment in the amount of not less than $50,000,000.00, representing the minimum amount of proceeds the defendant obtained as a result of his involvement in the offenses to which the defendant is pleading guilty. The defendant understands that if the proceeds of the offenses are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a result of defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offenses ($50,000,000.00) may not be available, and the defendant therefore stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument (the Indictment), announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument (the Indictment) and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

11.    **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is

JESUS CONTYERAS.A

8

accepted as required by Rule 11(b)(1)(J).  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

12.     **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past five years.  The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.  The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets.

13.     **Impact of Guilty Plea on Immigration or Citizenship Status**

The defendant recognizes that pleading guilty may have consequences for defendant's immigration status given that defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty.  Indeed, because defendant is not a citizen of the United States, defendant's guilty plea to and conviction for, at a minimum, Count One of the Indictment (conspiracy to manufacture 500 grams or more of a mixture and substance containing methamphetamine, knowing and intending that the substance would be imported into the United States, in violation of Title 21, United States Code, Sections 963 and 959(a)), make it such that removal is presumptively mandatory.  Because removal and other immigration consequences are the

JESUS CONTRERAS. A                          9

subjects of a separate proceeding, defendant understands that no one, including defendant's attorney or the U.S. District Court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status.  Defendant nevertheless affirms that defendant wants to plead guilty regardless of any present or future immigration consequences that defendant's plea may entail, even if the consequence is defendant's automatic removal from the United States.

14.     **Consent Given for Removal from the United States**

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS).  If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal.  The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration.  The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

15.     **Waiver of Rights Related to Removal from the United States**

Except as provided in paragraph 16 below, the defendant agrees to waive the defendant's rights to apply for any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations.  These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture.  As part of this agreement, the defendant specifically acknowledges and states that the defendant has

JESUS CONTRERAS. A

10

not been persecuted in, and has no present fear of persecution in, Mexico on account of race, religion, nationality, membership in a particular social group or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in Mexico.

16.     **Exception for Changed Circumstances Arising After Plea**

Nothing in this plea agreement shall prohibit the defendant from applying for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture, provided the application is based solely on changed circumstances arising after the entry of this plea but before the defendant's removal.

17.     **Abandonment of Pending Applications for Relief from Removal**

The defendant agrees that upon entry of this plea agreement, the defendant abandons (1) any existing immigration benefit the defendant may hold and (2) any application for relief from removal, deportation, or exclusion the defendant may have filed prior to the completion of this plea agreement. The defendant further agrees not to file or prosecute any application for relief from removal, deportation, or exclusion, either written or oral, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security (DHS), prior to the defendant's removal from the United States, except that the defendant may apply for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture as provided in paragraph 16 of this plea agreement.

18.     **The Defendant's Cooperation in the Defendant's Removal**

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with

JESUS CONtreyAS. A

11

representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

**19.     Plea Agreement Binding for Purposes of Removal Proceedings**

The defendant agrees that the defendant intends the agreements contained in this plea agreement to be binding upon the defendant during any removal proceeding that may be instituted against the defendant as a result of this plea agreement. In particular, the defendant acknowledges and agrees that the agreements concerning removal contained in the plea agreement were entered into by the defendant and the United States with the express understanding that the agreements are binding for purposes of any future removal proceeding before the Board of Immigration Appeals, an immigration judge, or the DHS.

**20.     Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or otherwise violates any provision of this agreement, then:

      a.     The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

JESUS CONTRERAS. A

b.     The defendant will be subject to prosecution for any federal criminal

violation, including, but not limited to, perjury and obstruction of justice,

that is not time-barred by the applicable statute of limitations on the date

this agreement is signed.  Notwithstanding the subsequent expiration of

the statute of limitations, in any such prosecution, the defendant agrees to

waive any statute-of-limitations defense; and

c.     Any prosecution, including the prosecution that is the subject of this

agreement, may be premised upon any information provided, or

statements made, by the defendant, and all such information, statements,

and leads derived therefrom may be used against the defendant.  The

defendant waives any right to claim that statements made before or after

the date of this agreement, including the Statement of Facts accompanying

this agreement or adopted by the defendant and any other statements made

pursuant to this or any other agreement with the United States, should be

excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),

the Sentencing Guidelines or any other provision of the Constitution or

federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in

an appropriate proceeding at which the defendant's disclosures and documentary evidence shall

be admissible and at which the moving party shall be required to establish a breach of the plea

agreement by a preponderance of the evidence.

JESUS CONTRERAS, A

13

21.    **Nature of the Agreement and Modifications**

This written agreement, and any addenda thereto, constitutes the complete plea

agreement between the United States, the defendant, and the defendant's counsel.  The defendant

and the defendant's attorney acknowledge that no threats, promises, or representations have been

made, nor agreements reached, other than those set forth in writing in this plea agreement, and

any addenda thereto, to cause the defendant to plead guilty.  Any modification of this plea

agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement

signed by all parties.


                                        G. Zachary Terwilliger
                                        United States Attorney
                                        Eastern District of Virginia


            By:      _____
                                        Raj Parekh
                                        First Assistant United States Attorney

                                        Rachael Tucker
                                        Special Assistant United States Attorney

                                        Cole Radovich
                                        Trial Attorney
                                        Narcotic and Dangerous Drugs Section

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Second Superseding Criminal Indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney with the assistance of a qualified English-Spanish interpreter. This plea agreement has been translated into Spanish for me. I understand that the English version controls. I also understand this agreement and voluntarily agree to it.

Date: 09/24/2020  X JESUS CONtreyAS, AYCeo

JESUS CONTRERAS-ARCEO, a/k/a "Canasto"
Defendant

Defense Counsel Signature: I am counsel for the defendant (JESUS CONTRERAS-ARCEO, a/k/a "Canasto") in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Second Superseding Criminal Indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant in Spanish with the assistance of a qualified English-Spanish interpreter. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 9/20/20

Robert A. Feitel, Esq.
Counsel for the Defendant

15